**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Luis Ernesto MOYA,
Defendant-Appellant.**

**No. 76–3551
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 23, 1977.

Joseph S. Chagra, El Paso, Tex., for defendant-appellant.

John E. Clark, U. S. Atty., San Antonio, Tex., Frank B. Walker, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

PER CURIAM:

On May 26, 1976, at 11:00 o'clock p. m., appellant drove a 1966 Chevrolet Nova automobile across the Mexican border into the United States at El Paso, Texas. As appellant traveled the primary inspection lane at the Bridge of the Americas Port of Entry, he was stopped by an Immigration Inspector. Upon inquiry, appellant and his female passenger declared that they were United States citizens, but when the inspector asked appellant to open the trunk of the automobile he quickly drove off.

The inspector immediately relayed the license number and description of the car along with the name and address of its registered owner to a Customs Patrol Officer. The officer spotted the vehicle (occupied by the appellant and his passenger) 25 minutes later about five miles from the bridge, at a place near the address the officer had been given. Appellant was promptly instructed to open the trunk so that a customs search could be performed. He complied, and the search revealed 291 pounds of marijuana.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409.

Appellant was charged in a two-count indictment with importation of a controlled substance and possession with intent to distribute.[1] After a motion to suppress the fruits of the search was denied, appellant waived a jury trial, was tried and convicted by the court of both counts and was sentenced to a total of 10 years imprisonment.

Appellant's contention that the search of his automobile was invalid is without merit. His behavior in suddenly driving away as the Immigration Inspector prepared to inspect the trunk at the bridge clearly justified the subsequent search by the Customs Officer as an extended border search. *United States v. Bowman,* 502 F.2d 1215 (5th Cir. 1974).

Appellant's other ground for reversal, that the district court failed to consider sentencing him under the Youth Corrections Act, 18 U.S.C. § 5005 et seq., is also without substance. The judgment is accordingly AFFIRMED.